UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN BAGGETT,

        Plaintiff,

 -against-              5:12-CV-0337 (LEK/TWD)

JEFF PIEDMONTE, in his official and
individual capacity as President of the
Syracuse Police Department PBA*;* and
SYRACUSE POLICE DEPARTMENT
BENEVOLENT SOCIETY,

        Defendants.
_____

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On February 27, 2013, Syracuse police officers Plaintiff John Baggett ("Plaintiff"), Rickey Williams, and Esteban Trotman (collectively, "the Original Plaintiffs") commenced this action against Defendants Jeff Piedmonte and the Syracuse Police Benevolent Association, Inc.[1] ("PBA" or "the Union") (collectively, "the Union Defendants"), as well as the City of Syracuse, the City of Syracuse Police Department, Syracuse Mayor Stephanie Miner, Police Chief Frank Fowler, and Police Officer Judy Culeton (collectively, "the Municipal Defendants"). Dkt. No. 1 ("Complaint").

In their Complaint, the Original Plaintiffs asserted five causes of action: (1) a claim against the Municipal Defendants under 42 U.S.C. § 1983 regarding the administration of civil service exams; (2) claims against the Municipal Defendants under 42 U.S.C. §§ 1981 and 1983 regarding a hostile work environment; (3) a claim against the Municipal Defendants regarding racial animus under § 1983; (4) a

---

[1] Defendant PBA is misidentified in the caption as the "Syracuse Police Department Benevolent Society."

claim against the Union Defendants for breach of their duty of fair representation; and (5) a claim against both the Municipal Defendants and the Union Defendants under § 1983 for First Amendment violations.  See generally Compl.  On July 30, 2012, the Court "so ordered" the Original Plaintiffs' Voluntary Dismissal of the Municipal Defendants.  Dkt. No. 20.  Subsequently, on August 1, 2012, Plaintiff filed a Motion to amend his Complaint.  Dkt. No. 21 ("Plaintiff's Motion").  The Proposed Amended Complaint named only Plaintiff as the aggrieved party and stated only a single cause of action for breach of the duty of fair representation against the Union Defendants.  Dkt. No. 21-3 ("Proposed Amended Complaint").

In opposition to Plaintiff's Motion, the Union Defendants filed a Motion for summary judgment on August 24, 2012.  Dkt. No. 23 ("Defendant's Motion").  Plaintiff in turn filed a Response to the Union Defendants' Motion, and the Union Defendants subsequently filed a Reply to the Response.  Dkt. Nos. 32 ("Response"), 37 ("Reply").  Presently before the Court are the two opposing Motions.  After a thorough review of the record before it, the Court concludes that it lacks jurisdiction to hear this case and therefore denies both Motions.

## II. BACKGROUND

The Court presumes the parties' general familiarity with the factual allegations underlying this action.  For a complete statement of the facts, reference is made to the Complaint and the Proposed Amended Complaint.  The Court provides a cursory overview of the dispute to provide context.

The claims that underlay the original Complaint arose from a long history of racial acrimony within the Syracuse Police Department ("the Department").  Compl. ¶ 15.  Following litigation in the 1970s, the City of Syracuse ("the City") entered into a Consent Decree designed to address the racial makeup of the police force and fire department.  Id. ¶ 16.  Pursuant to the Decree, the Department was

to make an effort to increase the racial diversity of its force.  Id. ¶ 19.  In making hiring decisions, however, the City and Department relied on a civil service test, which in turn provided them with a list of qualified applicants.  Id. ¶¶ 20-21.

Plaintiff is a black Syracuse Police Officer, who claims that he has been harmed by the City's and the Department's discriminatory policies and practices.  Id. ¶ 1.  Plaintiff's claims against the Municipal Defendants include, *inter alia*, misconduct relating to this hiring process.  See generally id.  Because these claims and Defendants have all been dismissed, however, the Court need not provide any further discussion of their substance.  Plaintiff's claims against the Union Defendants, in turn, relate to the Union Defendants' handling of Plaintiff's (and other black officers') grievances with the Department.  The gist of Plaintiff's Proposed Amended Complaint (and the fourth cause of action in the Original Complaint) is that the Union Defendants failed to pursue claims raised by black officers, but were responsive to the needs of white officers.  See, e.g., id. ¶¶ 40-43.  In support of these claims, Plaintiff alleges a number of incidents in which white officers were supported by the Union Defendants but black officers did not receive strong backing.  Id. ¶ 43.

### III. LEGAL STANDARDS

#### A. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave[,] . . . [but that t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought

3

should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Additionally, "'[t]he party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial.'" Gorham-DiMaggio v. Countrywide Home Loans, Inc., No. 1:08-CV-019, 2009 WL 1748743, at *3 (N.D.N.Y. June 19, 2009) (quoting New York v. Panex Indus., Inc., No. 94-CV-0400, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997)).

District courts are afforded broad discretionary power in granting leave to amend pleadings. Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998). However, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Where "futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to [Rule 12(b)(6)]." Gorham-DiMaggio, 2009 WL 1748743, at *3.

**B. Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986). However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). The Court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

### A. Plaintiff's Motion to Amend

Plaintiff contends that the original Complaint in this matter was filed "on the 89th day of the 90 day statute of limitations for an EEOC right to sue." Response at 4. Therefore, it was "hastily drafted and despite being reviewed by counsel and the parties, some writing errors got through making it important at some point to amend the document." Id. Further, "[u]pon review of the Answer by PBA and Piedmonte together with the dismissal of the claims involving the municipal defendants, it became obvious the Fourth Cause of Action in the original Complaint no longer made any sense and had to be Amended." Id. at 5. To this end, "Plaintiff concedes the original Complaint is no longer a viable document for pleading purposes because of the resolution of the portion of the case involving the municipal defendants and the intermingling of factual allegations." Id.

Plaintiff argues that the Court properly has supplemental jurisdiction over the remaining state

5

law claim against the Union Defendants pursuant to 28 U.S.C. § 1367. While he argues that "the Court can certainly retain jurisdiction over the cause of action against the defendants PBA and Piedmonte through trial," he asks "only that this Court retain jurisdiction long enough for Plaintiff Baggett to Amend his Complaint." Response at 7. Plaintiff further cites the tolling provision laid out in § 1367(d) and contends that if the Court allows him to amend his Complaint, he can safely pursue his state law claims under this toll; however, if the Court does not, he suggests, there might be "confusion" and the Union Defendants might have a "colorable claim that Plaintiff filed a 'new' Complaint." Id. at 8. In determining if Plaintiff may properly amend his Complaint, the Court must therefore determine if it has jurisdiction to hear Plaintiff's Motion.

So long as a district court's original jurisdiction was not founded solely on diversity of citizenship, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may retain pendent jurisdiction over state law claims whenever the state law claim(s) and the federal claim(s) (through which original subject matter jurisdiction was obtained), "derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

"Pendent jurisdiction is 'a doctrine of discretion' for the district court." Raucci v. Town of Rotterdam, 902 F.2d 1050, 1054 (2d Cir. 1990) (quoting Gibbs, 383 U.S. at 726). "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "Failure to dismiss a pendent claim after dismissing a federal claim 'may be an abuse of the district court's discretion' especially

when the state claim involves novel questions of state law." Raucci, 902 F.2d at 1054 (quoting Robison v. Via, 821 F.2d 913, 925 (2d Cir. 1987)). However, the dismissal of pendent state claims following the dismissal of the federal claims in an action is not always required. Id. at 1055 (citing Cohill, 484 U.S. at 350). In making this discretionary determination, a court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." Cohill, 484 U.S. at 350. Further, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7.

To the extent that a federal court declines to exercise supplemental jurisdiction, § 1367(d) contains an explicit tolling provision:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

As the Supreme Court has explained, this tolling provision is intended "[t]o prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court . . . ." Jinks v. Richland County, S.C., 538 U.S. 456, 459 (2003).

In this case, while the original Complaint clearly raised federal claims and was not reliant upon diversity jurisdiction, there is no question that the sole cause of action still at issue arises under state law. Indeed, Plaintiff's Proposed Amended Complaint asserts only a single state law claim. Therefore, in order for Plaintiff's Motion to be properly before the Court, the Court would have to determine that it would be appropriate to exercise supplemental jurisdiction. For the following reasons, the Court concludes that this is not a proper situation in which to exercise such jurisdiction.

7

First, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.  Further, in this case, the Court would be hard-pressed to conclude that "the values of judicial economy, convenience, fairness, and comity" dictate a departure from the general rule of declining jurisdiction in exclusively state-law-based cases.  Id. at 350.  Here, no substantial motions (other than the Union Defendants' instant summary judgment Motion) have been filed, and the Court has issued no substantial opinions.  See Valencia ex rel. Franco v. Lee, 316 F.3d 299 (2d Cir. 2003) (holding that a district court had abused its discretion in exercising supplemental jurisdiction when no federal claims remained, no substantial motions had been filed, and no judicial opinions had been issued before supplemental jurisdiction was exercised).  Indeed, this case is less than a year old, no discovery has been performed, and the vast majority of the motion practice has consisted of assorted extension requests and has involved the Municipal Defendants who are no longer parties to this matter.  Therefore, the Court cannot conclude that maintaining this state law dispute in federal court is in the interests of judicial economy or convenience.

As to the issue of fairness, the Court notes Plaintiff's concern that dismissal of this case might raise issues under the state statute of limitations.  However, the Court is unconvinced that allowing Plaintiff's to amend before dismissing this case without prejudice would necessarily yield a different outcome in state court and would entail a different analysis under the tolling provision of § 1367(d) than simply dismissing this case without prejudice for lack of subject matter jurisdiction.[2]  Finally,

---

[2]  See 13D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3567 (3d ed. 2012) ("In practice, there is no question that § 1367(d) applies whenever the district court refuses to exercise supplemental jurisdiction for a discretionary reason under § 1367(c).  Indeed, this is the archetypal case for use of the tolling provision.").

Plaintiff raises no argument that the interests of comity would weigh in favor of maintaining this action in federal court, and the Court finds that the interests of comity do not recommend a particular result in this case.

Therefore, because the Court declines to exercise jurisdiction over the remaining state law claim, the Court denies Plaintiff's Motion to amend as moot and dismisses this case without prejudice.

### B. The Union Defendants' Motion for Summary Judgement

Because the Court declines to exercise jurisdiction over the remaining state law claim in this matter, the Union Defendants' Motion for summary judgment is denied as moot.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that this matter is **DISMISSED in its entirety without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Plaintiff's Motion (Dkt. No. 21) to amend is **DENIED as moot**; and it is further

**ORDERED**, that the Union Defendants' Motion (Dkt. No. 23) for summary judgment is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: February 07, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge

9